IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY C.,[1]

        Plaintiff,

    v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Civ. No. 6:20-cv-1730-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff brings this action for judicial review of the Commissioner's decision denying her application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On October 5, 2017, Plaintiff filed an application for benefits, ultimately alleging disability as of September 28, 2016. Tr. 17.[2] After a hearing, the administrative law judge (ALJ) determined Plaintiff was disabled under the Social Security Act as of August 18, 2019 (the date Plaintiff's became an individual of "advanced age"). Tr. 25-27. The ALJ concluded that prior to that date, Plaintiff was not disabled under the act. Tr. 26-27. Plaintiff argues the ALJ erred in failing to address: (1) her testimony regarding the need to elevate her legs and lie down; and (2) the opinion of her longstanding treating physician. The Commissioner

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

agrees the ALJ erred but argues this matter should be remanded for further proceedings. Because the ALJ erred, and because the record is fully developed and requires a finding that Plaintiff is disabled as of September 28, 2016, the Commissioner's decision is REVERSED and this matter is REMANDED for calculation of benefits.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an

adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ determined Plaintiff had the following severe impairments: morbid obesity; diabetes mellitus, with polyneuropathy and retinopathy; right L5 synovial cyst; persistent depressive disorder, with anxious distress; mild features of obsessive-compulsive disorder; and status post ACL/MCL reconstruction. Tr. 20-21. As noted, Plaintiff argues the ALJ erred in not accounting for, or even discussing: (1) evidence in the record indicating Plaintiff needed to lie down during the day and elevate her legs; and (2) the opinion of Dr. Bonnie C. Pollack, Plaintiff's longstanding treating physician.

The record demonstrates Plaintiff's main concern was back pain and the right L5 synovial cyst. In fact, at the hearing before the ALJ, Plaintiff testified those two issues were the main obstacles preventing her from working. Tr. 45. Plaintiff stated those impairments "prohibit[] me from standing very long without pain or sitting in certain chairs for very long. I have to move around, and I cannot walk very far without needing to sit down." Tr. 45. Plaintiff testified pain from her cyst often required her to lie down. Tr. 46. While she did not have to lie down every day, pain required lying down "most days." Tr. 46. Generally, when forced to lie down, Plaintiff had to lie down for "at least an hour." Tr. 47. Plaintiff also testified that due to swelling, she tried to elevate her feet above her heart "every chance I get." Tr. 52-54. As noted by Plaintiff, her testimony regarding needing to lie down and elevate her legs is supported by

ample evidence in the medical records. Pl.'s Br. 2 (citing Tr. 360-62, 685-94, 708-13, 721-25, 733, 1156-61, 1191, 1210, 1218, 1250-57, 1286, 1294, 1609, 1618, 1722, 1730, 1739, 1743, 1755, 1765, 1790, 1796, 1807-16).

In addition to the above support found throughout the medical record, Plaintiff's testimony on these points is supported by a letter written by Dr. Pollack, Plaintiff's longstanding treating physician. Dr. Pollack opined that after siting for up to one hour, pain from her right L5 synovial cyst and peripheral neuropathy forced Plaintiff to lay down. Tr. 1995. Dr. Pollack noted that although Plaintiff could stand to alleviate this pain, she could only stand for a few minutes before needing to sit down. Tr. 1995. This is consistent with Dr. Pollack's treatment notes, including a note from October 2018 noting Plaintiff could "sit up to one hour, then needs to move as back will start to hurt, if sit too long, then right leg goes numb." Tr. 1156. The next month, Plaintiff's physical therapist noted Plaintiff "continues to have significant pain with both activity and with any prolonged sitting." Tr. 1286. Other providers noted Plaintiff experienced right leg pain even when reclining. Tr. 1807. Near the alleged onset date, Dr. Pollack noted Plaintiff spent most of the day elevating her feet. Tr. 721. Dr. Pollack advised Plaintiff to elevate her legs as often as she could. Tr. 724. In May 2017, Dr. Pollack advised Plaintiff to keep her feet elevated to alleviate swelling caused by gravity forcing fluid into Plaintiff's legs when standing. Tr. 694. In August 2018, Plaintiff's physical therapist noted, "Patient reports her right leg has been on fire with pain since having to sit for a long period of time earlier this week. It also goes close to completely numb." Tr. 1609. The therapist advised Plaintiff to "elevat[e] leg above heart when possible." Tr. 1609.

As noted, the Commissioner agrees that the ALJ erred in not discussing substantial evidence in the record—Plaintiff's consistent subjective reporting along with numerous treating

notes from the alleged onset date through the date of the ALJ's decision—regarding Plaintiff's need to regularly elevate her feet above her heart and lie down for an hour or so per day on many days. "[T]he ALJ cannot reject testimony of pain without making findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Here, the ALJ made no such findings with regard to Plaintiff's testimony regarding her most limiting impairments.

As the ALJ erred, the question is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020 (citations omitted).

This is a rare instance where remand for an award of benefits is appropriate. As noted, Plaintiff testified she needed to elevate her feet above her heart much of the day and lie down for an hour or so at a time most days. Treating notes throughout the 2,000-page record support Plaintiff's testimony. Finally, that evidence is supported by the opinion of Plaintiff's longstanding treating physician. Although the Commissioner argues further proceedings are

5 – OPINION AND ORDER

required, the vocational expert testified that someone needing to lie down for one hour at a time or elevate one's feet above one's heart for half the workday would not be able to sustain employment. Tr. 60. Plaintiff is therefore disabled under the Act.[3]

## CONCLUSION

The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 29th day of March, 2022.

                                                                     /s/ Michael J. McShane
                                                                    Michael McShane
                                                        United States District Judge

---

[3] The Court agrees with Plaintiff that although the Commissioner argues the record supports a finding that Plaintiff improved with treatment, the record does not support a finding that Plaintiff's need to lie down or elevate her feet improved, with treatment or otherwise. For instance, although the Court agrees with the Commissioner that Plaintiff's left knee pain following an ACL tear improved after surgery, this is irrelevant to Plaintiff's main limitations due to the need to elevate her feet and lie down. Plaintiff suffered from a host of problems. And although treatment corrected a small ulceration of her pinky toe, nothing in the record indicates the need to elevate her feet or lie down improved in any way during the time period at issue.

6 – OPINION AND ORDER